UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS SOFO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEW YORK, <br><br> Defendant. | 22-cv-5044 <br><br> **CITY OF NEW YORK'S NOTICE OF REMOVAL** |

# CITY OF NEW YORK'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to title 28 United States Code, sections 1441(a), 1442(a)(1), and 1446, and section 408(b) of the Air Transportation Safety and System Stabilization Act (the "ATSSSA") (codified as amended at 49 U.S.C. § 40101 note), Defendant, City of New York (the "City"), hereby removes this action from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, the City avers as follows:

**Procedural History and Plaintiff's Allegations**

1. On July 22, 2022, Plaintiff, Louis Sofo ("Plaintiff"), filed his summons and complaint against the City in the Supreme Court of the State of New York, County of Richmond, index number 151290/2022 (the "State Court Action"). True and correct copies of the process, pleadings, and orders served on July 26, 2022, on the City in the State Court Action are attached hereto as Exhibit 1.

2. In the State Court Action, Plaintiff alleges that he has suffered personal injuries from exposure to allegedly hazardous material removed from the World Trade Center site and related locations as part of the debris removal effort overseen by the City and state and federal

agencies in the aftermath of the September 11, 2001 attacks and transported to the Fresh Kills and Brookfield Avenue landfills and from the City's use, operation, and/or maintenance of said landfills.

## Grounds for Removal

3. Plaintiff asserts claims resulting from, relating to, and/or arising out of the terrorist-related aircraft crashes of September 11, 2021.

4. Because Plaintiff's claims arise out of Plaintiff's alleged injuries resulting from, relating to, and/or arising out of the September 11, 2001 terrorist-related aircraft crashes, the United States District Court for the Southern District Court of New York has original and exclusive jurisdiction over this action.[1] In response to the tragic events of September 11, 2001, Congress enacted the ATSSSA on September 22, 2001, which created a comprehensive scheme addressing numerous matters arising out of the terrorists' attacks and provided for complete preemption of certain claims, like those of Plaintiff in the instant action.

5. Section 408(b)(3) of the ATSSSA contains a broad jurisdictional provision centralizing in the Southern District of New York the resolution of any litigation claims resulting from or relating to the events of September 11, 2001:

> The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

Pub. L. No. 107-42, § 408(b)(3), 115 Stat. 230, as amended.

6. Section 408(b)(1) of the ATSSSA creates the federal cause of action to be brought in the Southern District of New York:

---

[1] The City will file a motion to transfer venue to the Southern District of New York after removal to the Eastern District of New York, as set forth below.

2

> There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section 40120(c) of title 49 United States Code, this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.

Pub. L. No. 107-42, § 408(b)(1), 115 Stat. 230, as amended.

7. It is well-established that ATSSSA jurisdiction in the Southern District of New York for claims relating to the terrorist-related aircraft crashes of September 11, 2001, is original and exclusive. *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005); *In re World Trade Center Disaster Site Litigation*, 467 F. Supp. 2d 372, 374 (S.D.N.Y. 2006); *see Leroy v. Hume*, 554 F. Supp. 3d 470, 477 (E.D.N.Y. 2021) (appeal filed Sept. 9, 2021) (recognizing ATSSSA as a complete preemption statute). The United States Court of Appeals for the Second Circuit expressly has found that ATSSSA jurisdiction encompasses personal injury claims relating to alleged exposure to the debris from the terrorist-related aircraft crashes of September 11, 2001. *In re WTC Disaster Site*, 414 F.3d at 377.

8. The State Court Action is also removable pursuant to title 28 United States Code section 1442(a)(1), which states:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof of any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

9. Federal agencies and officers exercised control over particular health, safety, and other issues relating to the rescue, recovery, cleanup, debris removal, and/or construction efforts at the World Trade Center site (the "WTC site") and other locations, including the Fresh Kills landfill, following the attacks on September 11, 2001.

10. The City complied with the directives of those federal agencies and officers in performing these activities at the WTC site and ancillary sites, such as and including the Fresh Kills landfill, and therefore the City has at least a colorable federal immunity defense.

11. Moreover, because the federal agencies and officers exercised control over these aforementioned issues/matters, a causal nexus exists between Plaintiff's claims and the City's alleged activities.

### The Procedural Requirements for Removal Have Been Satisfied

12. Based on the foregoing, the State Court Action is removable from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1441(a).

13. Removal to this Court is proper because it is the United States District Court "embracing the place" where the State Court Action in pending. 28 U.S.C. § 1441(a).

14. Following removal, the City shall file a motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

15. Plaintiff served the summons and complaint of the State Court Action upon the City on July 26, 2022, via email to the City's electronic service email address.

16. This Notice of Removal is, therefore, timely filed within thirty days from the date of receipt of service by the City, as required by 28 U.S.C. § 1446(b).

17. After filing this Notice of Removal, the City will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Supreme Court of the State of New York, County of Richmond, in accordance with 28 U.S.C. § 1446(d).

**Non-Waiver of Defenses**

18. By removing the State Court Action, the City does not waive any defenses available to it.

19. By removing the State Court Action, the City does not admit any of the allegations in Plaintiff's complaint.

**WHEREFORE**, Defendant, City of New York, removes Plaintiff's action from the Supreme Court of the State of New York, County of Richmond, index number 151290/2022, to the United States District Court for the Eastern District of New York.

Respectfully submitted,

Dated:  August 25, 2022
Nyack, New York

**PELLIS LAW GROUP, LLP**

By: /s/ *Joseph E. Hopkins*
Joseph E. Hopkins (JH1078)
37 North Broadway, Suite 1
Nyack, New York 10960
Tel. (845) 535-3939
Fax (845) 512-8664
jhopkins@pellislaw.com
*Attorneys for Defendant, City of New York*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022, the foregoing City of New York's Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via electronic mail and overnight mail at the address listed in the Complaint:

> William Hackwelder
> Kuharski Levitz & Giovinazzo, Esqs.
> 176 Hart Boulevard
> Staten Island, New York 10301
> (718) 448-1600
> WHackwelder@klglawyer.com
> *Attorney for Plaintiff, Louis Sofo*

/s/ *Joseph E. Hopkins*
Joseph E. Hopkins